**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL FILE NO. 1:16-cv-00168-MR
CRIMINAL FILE NO. 1:00-cr-00047-MR-DLH-2**

| | |
|---|---|
| ERIC ALFONZO HARTGROVE,  )<br>)<br>Petitioner,  )<br>)<br>vs.  )<br>)<br>UNITED STATES OF AMERICA,  )<br>)<br>Respondent.  )<br>_____  ) | **O R D E R** |

**THIS MATTER** is before the Court on the motion of the United States requesting that the Court enter an order holding this action in abeyance. [CV Doc. 3].[1] According to the government's motion, defense counsel has consented to its request. [Id.].

Petitioner was convicted by plea of one count of Hobbs Act robbery (18 U.S.C. § 1951), one count of Hobbs Act conspiracy (18 U.S.C. § 1951), and two counts of brandishing a firearm in furtherance of a crime of violence (18

---

[1] Citations to the record herein contain the relevant document number referenced preceded by either the letters "CV" denoting that the document is listed on the docket in the civil case file number 1:16-cv-168-MR, or the letters "CR" denoting that the document is listed on the docket in the criminal case file number 1:00-cr-47-MR-DLH-2.

U.S.C. § 924(c)).  [CR Doc. 124].  The Court sentenced Petitioner to a total term of imprisonment of 300 months.  [Id.].

On June 15, 2016, Petitioner commenced this action by filing a motion to vacate pursuant to 28 U.S.C. § 2255.  [CV Doc. 1].  In the motion to vacate, Petitioner contends that his Hobbs Act robbery offense no longer qualifies as a "crime of violence" in light of Johnson v. United States, 135 S. Ct. 2551 (2015).  Consequently, Petitioner asserts that his Hobbs Act offense likewise cannot support his § 924(c) convictions and such convictions must be vacated.  [Id.].

In response to Petitioner's motion, the government has filed a motion to hold this proceeding in abeyance.  The government notes that pending in the Fourth Circuit is the case of United States v. Ali, No. 15-4433 (4th Cir.) (tentatively calendared for oral argument during the October 25-28, 2016, session).  The Court notes that also pending in the Fourth Circuit is the case of United States v. Simms, No. 15-4640 (4th Cir.) (tentatively calendared for oral argument during the October 25-28, 2016, session).  The appellants in Ali and Simms both contend that a Hobbs Act robbery (and additionally in Ali, conspiracy to commit a Hobbs Act robbery) can no longer be considered a "crime of violence" under 18 U.S.C. § 924(c)(3)(B) and thus any § 924(c) conviction predicated thereon is void.

Based upon the foregoing reasons, and with Petitioner's consent, the Court concludes that the government's motion should be granted.

### ORDER

**IT IS, THEREFORE, ORDERED** that the government's motion to place this case in abeyance [CV Doc. 3], is hereby **GRANTED** and this matter is hereby held in abeyance pending decisions rendered by the Fourth Circuit in the Ali and Simms cases. The parties shall notify the Court of the opinions rendered by the Fourth Circuit in the Ali and Simms cases within seven days after each such matter is decided.

**IT IS SO ORDERED.**    Signed: August 19, 2016

Martin Reidinger
United States District Judge